IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RALANDA WEBB, on behalf of plaintiff and the class members defined herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| 360 DIGITAL MARKETING, LLC, doing business as ANIMATION SHARKS, and LOGOCUBIX; RECKON MEDIA LLC; and JOHN DOES 1-10, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Ralanda Webb brings this action to secure redress for the actions of defendants 360 Digital Marketing, LLC, doing business as Animation Sharks and LogoCubix, and Reckon Media, LLC, in sending or causing the sending of unsolicited advertisements (such as Exhibit A) to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.  The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3. Plaintiff Ralanda Webb is a resident of the Northern District of Illinois where she maintains telephone facsimile equipment.

4. Defendant 360 Digital Marketing, LLC is a Delaware limited liability company with its principal place of business at 1910 Pacific Avenue, Suite 8025, Dallas, TX 75201. Its registered agent and office is Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

5. Defendant Reckon Media, LLC is also a Delaware limited liability company with its principal place of business at 1910 Pacific Avenue, Suite 8025, Dallas, TX 75201. Its registered agent and office is also Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958. On information and belief, for the reasons stated in paragraphs 20-24, 360 Digital Marketing, LLC and Reckon Media, LLC are operated in concert.

6. John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

8. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

9. Venue in this District is proper for the same reason.

## FACTS

10. On September 6, 2017, plaintiff received the unsolicited fax advertisement attached as Exhibit A.

11. Discovery may reveal the transmission of additional faxes as well.

12. Defendants negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

13. Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

14. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

15. The fax does not contain an "opt out" notice that complies with 47 U.S.C. §227.

16. The TCPA provides for affirmative defenses of consent or an established business relationship. Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA. *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

17. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

18. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.

19. Defendants originally concealed their identity by using the address and local telephone number of an unrelated entity, Sprite Entertainment.

20. After the real Sprite Entertainment sent a cease and desist letter, defendants changed the telephone number used on the Animation Sharks website to 214-329-9797. (Exhibit B)

21. This number is also used as the contact number on http://logocubix.us (Exhibit C) and www.logocubix.com (Exhibit D), as well as by Animation Sharks.

22. Both of the logocubix sites are registered to defendant 360 Digital Marketing, LLC. (Exhibits E-F)

23. The overall format of the Animation Sharks web site (Exhibit G) is similar to that of those of logocubix.com (Exhibit D), logocubix.us (Exhibit C), and 360 Digital Marketing (Exhibit H).

24. Reckon Media LLC has a web site which lists the same personnel and business activities as 360 Digital Marketing and claims credit for the same work, indicating that the two companies are operated in concert (Exhibit I). The Animation Sharks faxing therefore benefits Reckon Media LLC as well as 360 Digital Marketing, LLC.

## COUNT I – TCPA

25. Plaintiff incorporates ¶¶ 1-24.

26. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

27. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

28. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes. Furthermore, plaintiff's statutory right of privacy was invaded.

29. Plaintiff and each class member is entitled to statutory damages.

30. Defendants violated the TCPA even if their actions were only negligent.

31. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

32. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by either defendant promoting its services (d) where defendants do not have evidence of consent or an established business relationship prior to the sending of the faxes.

33. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

34. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained the list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

35. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

36. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

37. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

38. Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza*, No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part*, 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City*

*Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.*, No. 10 C 1315, 2010 WL 4074379 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.*, 545 F.Supp.2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, No. 08 C 3276, 2010 U.S.Dist. LEXIS 72902 (N.D.Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.*, No. 08-cv-4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 (CEJ), 2013 WL 275568 (E.D.Mo. Feb. 24, 2013).

39. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

7

a. Statutory damages;

b. An injunction against the further transmission of unsolicited fax advertising;

c. Costs of suit;

d. Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\34503\Pleading\Complaint DAE_Pleading.WPD